IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WARRIOR ENERGY SERVICES CORPORATION d/b/a SPC RENTALS, | ) ) ) ) | CV. NO. 5:14-CV-911-DAE |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| JC FODALE ENERGY SERVICES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

ORDER DENYING MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Defendant JC Fodale Energy Services, LLC ("Defendant") (Dkt. # 6). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration, and for the reasons that follow, the Court **DENIES** Defendant's Motion to Dismiss.

BACKGROUND

According to the Complaint ("Compl.," Dkt. # 1), Plaintiff Warrior Energy Services Corporation ("Plaintiff") is a Delaware corporation with a primary place of business in Mississippi. (Compl. ¶ 1.) Plaintiff supplies equipment

1

rentals for drilling, completion, and "workover" operations to onshore and offshore oil facilities. (Id. ¶ 6.) Defendant is a Louisiana limited liability company that provides onshore oil and gas drilling services to exploration, production, and disposal companies. (Id. ¶¶ 2, 7.)

The Complaint alleges that in January 2014, Defendant contracted with Plaintiff to rent oil well tools, supplies, and equipment for Defendant's use in its oil and gas-related activities in Texas. (Id. ¶ 8.) Plaintiff rented tools and equipment to Defendant under the contract at a total cost to Defendant of $80,102.84. (Id. ¶ 11.) Plaintiff alleges that Defendant has failed to pay any portion of the $80,102.84 balance and has provided no reason for its refusal to perform. (Id. ¶¶ 11–12.)

Plaintiff filed suit in this Court on October 16, 2014, invoking the Court's diversity jurisdiction. (Id. ¶ 3.) Plaintiff asserts causes of action for breach of contract and suit on sworn account under Texas Rule of Civil Procedure 185. (Id. ¶¶ 14–23.) Attached to Plaintiff's Complaint is the affidavit of Robert Taylor, Plaintiff's Vice President and Treasurer, and nine invoices for the equipment rented by Plaintiff to Defendant. (Dkt. ## 1-1, 1-2.)

On November 26, Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and an Answer. (Dkt. # 6.) Defendant's motion asserts that the amount in controversy does not exceed $75,000, and does not

include further argument or exhibits. (Id. ¶ 1.) Plaintiff filed a Response on December 10, 2014. (Dkt. # 8.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. The plaintiff, as the party asserting jurisdiction, bears the burden of proving that subject-matter jurisdiction exists. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012). If the defendant submits no evidentiary materials with its 12(b)(1) motion, the trial court looks to the sufficiency of the allegations in the complaint, which are assumed to be true. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); see also Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc., — F.3d —, No. 14-60087, 2015 WL 687711, at *1 (5th Cir. Feb. 18, 2015) (distinguishing a "facial" attack on a court's subject matter jurisdiction from a "factual" attack made on the basis of affidavits or other evidentiary materials). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

DISCUSSION

To invoke a district court's diversity jurisdiction, the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  The plaintiff's burden to demonstrate that the court has jurisdiction is "[n]ormally . . . satisfied if the plaintiff claims a sum greater than the jurisdictional requirement."  White v. FCI USA, Inc., 319 F.3d 672, 674 (5th Cir. 2003).  The amount of controversy is determined at the time of filing.  Id.

Defendant has submitted no evidentiary materials to support its claim that the amount in controversy is insufficient to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332.  The Court's review is thus limited to whether the Complaint sufficiently alleges jurisdiction.  See Paterson, 644 F.2d at 523.

Plaintiff's Complaint alleges that Defendant has refused to remit $80,102.84 owed for equipment rented under its contract with Plaintiff, and that "Defendant owes and is indebted to [Plaintiff] in the principal amount of $80,102.84."  (Compl. ¶¶ 11, 13.)  Because Defendant has submitted no evidence on which to challenge the factual basis of the amount in controversy, these allegations alone are sufficient to establish that the amount in controversy exceeds the jurisdictional requirement.  To the extent that Defendant seeks to make a factual attack on the Court's jurisdiction, the affidavit of Plaintiff's Treasurer, which states that Defendant owes Plaintiff $80,102.84, and the attached invoices

showing a series of transactions between Defendant and Plaintiff totaling $80,102.84, are sufficient to establish that the amount in controversy satisfies the jurisdictional requirement by a preponderance of the evidence.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, February 27, 2015.

_____
David Alan Ezra
Senior United States Distict Judge