UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WARRIOR ENERGY SERVICES CORPORATION d/b/a SPC RENTALS, | § § § § | CV. NO. 5:14-CV-911-DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| JC FODALE ENERGY SERVICES, LLC, | § § § | |
| Defendant. | § § | |

ORDER VACATING SUMMARY JUDGMENT ORDER AND ENTERING
AMENDED ORDER NUNC PRO TUNC

On July 28, 2015, the Court entered an Order granting summary judgment to Plaintiff Warrior Energy Services Corporation d/b/a SPC Rentals ("Plaintiff") (Dkt. # 20). The Court hereby **VACATES** its previous Order granting summary judgment and enters this Amended Order **GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Summary Judgment.

BACKGROUND

Plaintiff is a Delaware corporation with a primary place of business in Mississippi. ("Compl.," Dkt. # 1 ¶ 1.) Plaintiff supplies equipment rentals for drilling, completion, and "workover" operations to onshore and offshore oil facilities. (Id. ¶ 6.) Defendant is a Louisiana limited liability company that

1

provides onshore oil and gas drilling services to exploration, production, and disposal companies.  (Id. ¶¶ 2, 7.)

In January 2014, Defendant contracted with Plaintiff to rent oil well tools, supplies, and equipment for Defendant's use in its oil and gas-related activities in Texas.  (Id. ¶ 8.)  Plaintiff rented tools and equipment to Defendant from January 2014 through April 2014.  (Id. ¶ 9; "Answer," Dkt. # 6 ¶ 9.)  Over the course of this period, Plaintiff sent Defendant nine invoices (collectively, the "Subject Invoices") charging Defendant a total of $80,102.84 for rental of its tools, supplies, and equipment.  (Dkt. # 17-1, Ex. 1.)  Each of the invoices is addressed to Defendant and is signed by the entry requiring a "Customer-Authorized Agent Signature."  (Id.)  Warrior Energy has not received any portion of the $80,102.84 balance "despite demand."  ("Taylor Aff.," Dkt. # 17-1, Ex. 1 ¶ 3; Compl. ¶ 11.)

Plaintiff filed suit in this Court on October 16, 2014, invoking the Court's diversity jurisdiction.  (Compl. ¶ 3.)  Plaintiff asserts causes of action for breach of contract and suit on sworn account.  (Id. ¶¶ 14–23.)  Plaintiff seeks to recover contract damages, costs, and reasonable attorneys' fees.  (Id. at 4.)

Defendant filed a motion to dismiss for lack of subject matter jurisdiction on November 26, 2014 (Dkt. # 6), which this Court denied on February 27, 2015 (Dkt. # 16).  On May 1, 2015, Plaintiff filed the instant Motion for Summary Judgment.  (Dkt. #17.)  Defendant did not file a response.  The Court

held a hearing on the Motion on July 28, 2015.  At the hearing, Justin Holmes, Esq., represented Plaintiff.  Defendant JC Fodale Energy Services, LLC ("Defendant") did not make an appearance.[1]

## LEGAL STANDARD

A movant is entitled to summary judgment upon showing that "there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enters., L.L.C., 756 F.3d 875, 880 (5th Cir. 2014).  A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial.  Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"

---

[1] The Court's courtroom deputy contacted Merritt Clements, Defendant's counsel of record, the week before and the morning of the hearing.  Mr. Clements informed the Court that the Defendant would not be filing a response to the motion or appearing at the hearing.

Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence." Tiblier v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

Plaintiff has affirmatively moved for summary judgment on each of its claims against Defendant.  Defendant has not responded to Plaintiff's Motion.  A court may not, however, grant a motion for summary judgment solely on the ground that the non-moving party failed to respond.  John v. Louisiana, 757 F.2d 698, 709 (5th Cir. 1985).  Plaintiff must still carry its burden of establishing the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law.  See id.  The Court will address Plaintiff's claims for breach of contract, suit on sworn account, and request for attorneys' fees in turn.

I.     Breach of Contract

The contract at issue here, the Customer Agreement General Terms and Conditions ("Customer Agreement"), contains a choice-of-law provision stating that "the law governing the interpretation of these Terms and any dispute, controversy or claim arising out of, relating to, or in any way connected with these Terms including, without limitation, the existence, validity, performance, breach or termination hereof, shall be determined without regard to any conflicts of law principles according to the State of Texas."  (Dkt. # 17-2, Ex. 2 ¶ 6.8.)  The Court will therefore apply Texas law to Plaintiff's claims.  See Access Telecom, Inc. v. MCI Telecomm. Corp., 197 F.3d 694, 705 (5th Cir. 1999) ("In Texas, contractual choice-of-law provisions are ordinarily enforced if the chosen forum has a substantial relationship to the parties and the transaction.").

Contracts for the lease of goods are governed by Article 2A of the Uniform Commercial Code ("UCC").  Wells Fargo Bank Nw., N.A. v. RPK Capital XVI, L.L.C., 360 S.W.3d 691, 703 (Tex. App. 2012) (citing Tex. Bus. & Com. Code §§ 2A.101, 2A.102).  A good includes "all things that are moveable at the time of identification to the lease contract."  Tex. Bus. & Com. Code § 2A.310(b).  "To the extent they do not conflict with the [UCC's] provisions, common law principles complement the [UCC]."  Contractors Source, Inc. v. Amegy Bank Nat'l Ass'n, 462 S.W.3d 128, 138 (Tex. App. 2015).

"A lease contract may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of a lease contract." Tex. Bus. & Com. Code § 2A.204(a). "Unless unambiguously indicated by the language or circumstances, an offer to make a lease contract must be construed as inviting acceptance in any manner and by any medium reasonable under the circumstances." Id. § 2A.206(a).

The contract at issue here was a rental contract for tools, supplies, and equipment, (Compl. ¶ 9; Answer ¶ 9), and is thus a lease contract for goods governed by the UCC. First, Plaintiff has submitted sufficient evidence to establish the existence of the agreement. Robert S. Taylor ("Taylor"), Plaintiff's Vice President and Treasurer, attests that Plaintiff provided equipment to Defendant between January and April 2014, and that each shipment of equipment was accompanied by an invoice. (Taylor Aff. ¶ 3.) The Subject Invoices set out the quantity and cost of the tools and equipment provided and include a copy of the Customer Agreement, which provides that the offeree may accept its terms by either signing a delivery ticket or by receiving services without providing written notice of non-acceptance of the terms of the Customer Agreement. (Dkt. # 17-1, Ex. 1; Dkt. # 17-2, Ex. 2 ¶ 1.8.) Each of the delivery tickets, which were sent with the respective Subject Invoices and set out the quantity and price of the equipment provided, is signed by the entry requiring a "Customer-Authorized Agent

6

Signature."  (Dkt. # 17-1, Ex. 1).  The record further shows that Defendant accepted delivery of the rental goods over the course of three months.  (Taylor Aff. ¶ 3; Dkt. # 17-1 Ex. 1; Compl. ¶ 9; Answer ¶ 9.)  This course of performance, in addition to the signatures indicating acceptance under the terms of the Customer Agreement, is sufficient to demonstrate Defendant's agreement to the terms of the contract and establishes the existence of a lease contract.

Additionally, it is undisputed that Plaintiff performed pursuant to the terms of the agreement.  (Compl. ¶ 3; Answer ¶ 9.)  Plaintiff has also provided sufficient evidence to establish that Defendant is in default under the agreement.  Pursuant to the terms of the Customer Agreement, by signing each delivery ticket, Defendant agreed to pay the amounts due within 30 days of receiving an invoice.  (Dkt. # 17-2, Ex. 2 ¶ 3.2.)  The invoices are dated January 30, 2014.  (Dkt. # 17-2, Ex. 2 at 12.)  Taylor attests that Defendant has failed to pay the amounts due, and that a balance of $80,102.84 "remains due and owing, despite written demand therefor."  (Taylor Aff. ¶ 3.)

Finally, Plaintiff has also provided sufficient evidence to establish its damages under the contract.  The measure of damages recoverable by a lessor in a lease contract is governed by section 2A.523 of the Texas Business and Commerce Code:

> If a lessee wrongfully . . . fails to make a payment when due . . . then, with respect to any goods involved . . . the lessee is in default and the

> lessor may dispose of the goods and recover damages, or retain the goods and recover damages, or in a proper case recover rent.

Tex. Bus. & Com. Code § 2A.523(a)(5). Alternatively,

> if a lessor does not fully exercise a right or obtain a remedy to which the lessor is entitled under Subsection (a), the lessor may recover the loss resulting in the ordinary course of events from the lessee's default as determined in any reasonable manner, together with incidental damages, less expenses saved in consequence of the lessee's default.

Id. § 2A.523(b). "[F]or non-payment of rent, the lessor may decide not to take possession of the goods and cancel the lease [as allowed under Subsection(a)], but rather to merely sue for the unpaid rent as it comes due plus lost interest or other damages 'determined in any reasonable manner.'" Id. cmt. ¶ 19.

Here, the charges in the nine Subject Invoices amount to $80,102.84. Additionally, the Customer Agreement provides that "if payment is not timely made, interest on the outstanding balance shall accrue from the date due until paid in full in the amount of 1.0% per month . . . ." (Dkt. # 17-2, Ex. 2 ¶ 3.3.) The additional contractual interest, calculated at 1.0% simple interest per month outstanding, totals $12,806.21 through July 28, 2015.[2] (Dkt. # 17-2, Ex. 3.) The total amounts to $92,909.05. Additionally, because Plaintiff has submitted evidence that it performed under the terms of each invoice, and there is no

---

[2] At the hearing, Plaintiff's counsel represented this figure as the amount outstanding interest as of the date of the hearing. Having reviewed the Subject Invoices and the calculation of interest in the record, the Court finds that Plaintiff has established that there is no dispute of material fact as to the amount of interest owed and that it is entitled to $12,806.21 in interest as of the date of this Order.

evidence that Plaintiff had additional or ongoing obligations under the contract, the Court finds that Plaintiff did not avoid any costs as a result of Defendant's failure to pay.

Because Plaintiff has submitted evidence establishing each element of its contract claim, the Court finds that there is no genuine dispute of material fact and that Plaintiff is entitled to judgment as a matter of law on its claim for breach of contract. The Court therefore **GRANTS** Plaintiff's Motion for Summary Judgment on this claim.

II.    Suit on Sworn Account

A suit on a sworn account "applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing." Williams v. Unifund CCR, 264 S.W.3d 231, 234 (Tex. App. 2008) (emphasis and internal quotation marks omitted) (quoting Meaders v. Biskamp, 316 S.W.2d 75, 78 (Tex. 1958)). It does not apply to suits on lease agreements. See Murphy v. Cintas Corp., 923 S.W.2d 663, 665 (Tex. App. 1996); Schorer v. Box Serv. Co., 927 S.W.2d 132, 134 (Tex. App. 1996); Great-Ness Prof'l Servs., Inc. v. First Nat'l Bank of Louisville, 704 S.W.2d 916, 917 (Tex. App. 1986); see also Delcor USA, Inc. v. Texas Inus. Specialties, Inc., No. 14-11-48-CV, 2011 WL 6224466, at *4

n.1 (Tex. App. 2011) (mem. op.) ("[A] party may not recover under a sworn account theory when the underlying transaction involved equipment rentals."). "A lawsuit involving a breach of a lease agreement is not a valid claim on sworn account because a lease agreement does not involve a purchase and sale, and title to personal property has not passed from one party to another." Murphy, 923 S.W.2d at 665; see also 1 Tex. Jur. 3d Accounts & Accounting § 80 (2004) (discussing the inapplicability of a sworn account claim for transactions not passing title to personal property from one party to another).

Because the contract at issue here was a contract for the lease of goods—specifically, tools, supplies, and equipment to be used in connection with Defendant's oilfield operations—title to personal property did not pass from one party to the other, and Plaintiff is therefore not entitled to recover on the basis of its claim for suit on sworn account. The Court therefore **DENIES** Plaintiff's Motion for Summary Judgment on this claim. Additionally, because recovery under this is theory precluded as a matter of law, Defendant is entitled to judgment as a matter of law Plaintiff's claim for suit on sworn account. The Court hereby gives notice to Plaintiff that the Court intends to grant judgment as a matter of law to Defendant

on Plaintiff's claim for suit on sworn account. Plaintiff shall have 14 days from the date this Order is entered to respond, should it wish to do so.[3]

III.     Attorneys' Fees

Plaintiff also seeks to recover its reasonable attorneys' fees. Under Texas law, fees and expenses incurred in prosecuting or defending a suit are not recoverable unless recovery is authorized by statute or contract. See Great Am. Ins. Co. v. AFS/IBEX Fin. Servs., Inc., 612 F.3d 800, 807 (5th Cir. 2010) (citing Baja Energy, Inc. v. Ball, 669 S.W.2d 836, 838 (Tex. App. 1984)). Here, recovery is authorized by the terms of the Customer Agreement, which provides that "[Defendant] agrees to pay [Plaintiff] all costs and expenses, including reasonable attorneys' fees and court costs, incurred by [Plaintiff] in enforcing the terms." (Dkt. # 17-2, Ex. 2 ¶ 6.2.)

Texas Courts consider eight factors when determining the reasonableness of attorneys' fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

---

[3] Because the Court has found that Plaintiff is entitled to summary judgment on its claim for breach of contract, as discussed above, and is entitled to reasonable attorneys' fees under the contract, as discussed below, judgment for Defendant on Plaintiff's claim for suit on sworn account would not affect the amount of Plaintiff's recovery.

>(3) the fee customarily charged in the locality for similar legal services;
>(4) the amount involved and the results obtained;
>(5) the time limitations imposed by the client or by the circumstances;
>(6) the nature and length of the professional relationship with the client;
>(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>(8) whether the fee is fixed or contingent on the results obtained or uncertainty of collection before the legal services have been rendered.

Sundance Minerals, L.P. v. Moore, 354 S.W.3d 507, 513–14 (Tex. App. 2011). A trial court is not required to receive evidence on each of these factors. Id. "[A]n affidavit filed by the movant's attorney that sets forth his qualifications, his opinion regarding reasonable attorneys' fees, and the basis for his opinion will be sufficient to support summary judgment, if uncontroverted." Gaughan v. Nat'l Cutting Horse Ass'n, 351 S.W.3d 408, 422 (Tex. App. 2011) (internal quotation marks omitted).

Plaintiff has submitted the affidavit of David Clouston ("Clouston"), Plaintiff's counsel, which sets out the qualifications of the attorneys who have worked on this case and his opinion regarding the reasonableness of the charged fees. He attests that he is a partner with the firm of Sessions, Fishman, Nathan & Israel, LLC, and has practiced in the State of Texas since 1993. ("Clouston Aff.," Dkt. # 17-2, Ex. 6 ¶¶ 2–3.) Clouston's hourly rate on this case is $420. (Id. ¶ 3.) Several other attorneys from Clouston's firm have also performed work on this case: partner Kevin Barreca, senior counsel John Person, and associates Justin

Homes, Leslye Mosley, and Whitney White.  (Id. ¶¶ 4–8.)  Their hourly rates range from $225 to $295.  (Id.)

Clouston attests that attorneys at his firm have reviewed documents, performed investigation and research of claims, and prepared documents including the Complaint, affidavits supporting the claims, the opposition to Defendant's motion to dismiss, initial disclosures, a joint ADR report, and the motion for summary judgment.  (Id. ¶ 9.)  He further attests that the hourly rates charged for the work are those customarily charged for work of this character, and that attorneys' fees in the amount of $24,876.75 have been reasonably incurred.  (Id. ¶¶ 10, 19.)  Defendants have submitted no evidence to contest Clouston's affidavit.  The Court therefore finds that the fees charged by Plaintiff's counsel are reasonable, and **GRANTS** Plaintiff's Motion for Summary Judgment with respect to recovery of its reasonable attorneys' fees in the amount of $24,876.75.

CONCLUSION

For the foregoing reasons, the Court **VACATES** its previous Order granting summary judgment (Dkt. # 20) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Summary Judgment (Dkt. # 17) nunc pro tunc.  The Court further directs the Clerk to **VACATE** the Clerk's Judgment (Dkt. # 21) and Abstract of Judgment (Dkt. # 22).  Plaintiff shall have fourteen (14) days from the entry of this Order to respond to the Court's notice that it intends to grant

judgment for Defendant on Plaintiff's claim for suit on sworn account. If Plaintiff does not file a response, the Court will grant judgment for Defendant on Plaintiff's claim for suit on sworn account and close the case.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, November 3, 2015.

_____
David Alan Ezra
Senior United States Distict Judge